UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| ALVIN LYTLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CV-59-KKC-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Former prisoner Alvin Lytle brought this *pro se* action in February 2018, alleging improper medical care at the Federal Medical Center in Lexington. D.E. 1. Defendants moved for summary judgment, and, in October 2018, Chief Judge Caldwell granted the motion in part, leaving only Defendant's medical negligence claim against the United States under the Federal Tort Claims Act ("FTCA"). D.E. 35. Chief Judge Caldwell then referred this matter to the undersigned "to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions." *Id*. at 9-10. The undersigned entered a scheduling order that governed discovery and the briefing of dispositive motions. D.E. 38.

On April 8, 2019, the government filed a timely motion to dismiss or, in the alternative, for summary judgment. D.E. 38. Lytle failed to respond within the time set by the Scheduling Order. The Court construes the motion as one for summary judgment.

1

## I. Lytle's Failure to Respond to the Government's Motion

Where a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Lytle has filed no timely response nor a request for an extension of time. D.E. 36. For this reason, the court is permitted to grant the government's motion for summary judgment.

However, in granting a motion that will dispose of a claim, courts should make certain that a moving party has satisfied its burden under the Federal Rules. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court will therefore briefly address the merits of Lytle's claim.

## II. Lytle's Medical Malpractice Claim

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id.* at 324. It is sufficient for a moving

party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id.* Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, even accepting as true all of Lytle's factual allegations, his claim fails as a matter of law due to his failure to establish the applicable duty of care.

In *United States v. Muniz*, 374 U.S. 150 (1963), the Supreme Court held that the FTCA applies to federal inmates' claims alleging personal injuries sustained—while incarcerated—as a result of the negligence of government employees. Liability under the FTCA is generally determined by the law of the state where the alleged injury occurred. *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). An FTCA claim may be asserted only against the United States. 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

Under Kentucky negligence law, including medical negligence, the Plaintiff must establish the following elements: (1) a duty of care; (2) breach of that duty; (3) actual injury, and (4) the injury was proximately caused by the negligence. *Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 687-88 (Ky. 2003), *as amended* (Aug. 27, 2003); *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1997).

"Under Kentucky law, a plaintiff alleging medical malpractice is generally required to put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care." *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010); *accord Green v.*

*Owensboro Med. Health Sys., Inc.*, 231 S.W.3d 781, 783 (Ky. Ct. App. 2007). "[T]he plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). Expert testimony demonstrating "the standard of care recognized by the medical community as applicable to the particular defendant" is necessary to establish a prima facie case of medical negligence. *Sandler v. United States*, No. 6:11-CV-206-GFVT, 2013 WL 5468493, at *6 (E.D. Ky. Sept. 30, 2013) (quoting *Heavrin v. Jones*, No. 02-CA-16-MR, 2003 WL 21673958, at * 1 (Ky. Ct. App. July 18, 2003)). "It is the Plaintiff's burden to find a doctor who will testify to the standard of treatment of each condition and testify that in his or her expert opinion, the standard was breached by the federal employee(s) in this case." *Id.* (quoting *Hernandez v. United States,* No. 5:08-CV-195-KSF, 2009 WL 1586809, at *6 (E.D. Ky. June 5, 2009)); *see also Partin v. Tilford*, No. 5:13-CV-193-CRS, 2016 WL 3212248, at *2 (W.D. Ky. June 7, 2016) (granting summary judgment when plaintiff failed to establish "what a proper [treatment] entails"); *Smith v. Rees*, No. 5:07-CV-180-TBR, 2011 WL 3236635, at *3 (W.D. Ky. July 28, 2011) (requiring expert testimony to establish the standard of care); *Beard v. United States*, No. 5:08-CV-105-KSF, 2009 WL 305893, at *7-9 (E.D. Ky. Feb. 6, 2009) (granting summary judgment when plaintiff offered no expert proof establishing the standard of care); *Hitch v. St. Elizabeth Med. Ctr., Inc.*, No. 2014-CA-1361-MR, 2016 WL 1557734, at *2 (Ky. Ct. App. Apr. 15, 2016) (granting summary judgment when the expert "make no statement to indicate what the standard of care is"); *Tackett v. Appalachian Reg'l Healthcare, Inc.*, No. 2007-CA-720-MR, 2008 WL 2779528, at *2-4 (Ky. Ct. App. July 18, 2008) (granting summary

judgment when the plaintiff's expert "failed to produce evidence as to the medical standard of care at issue").

Exceptions to this expert-testimony rule exist, including "*res ipsa loquitur* cases" and cases where the physician admitted negligence. *Blankenship*, 302 S.W.3d at 670. Of course, Lytle has not responded, so he has not argued any such exception fits here.

Chief Judge Caldwell previously instructed Lytle that proving his medical negligence claim requires expert testimony. D.E. 35 at 7-9. Lytle's claim is that Practitioner Banta and Dr. Adams should have sent him to the hospital sooner rather than later. Because Lytle's malpractice claim is based on delay, it requires an expert witness. *Id*. at 8. In fact, Lytle stated in his complaint that his treating physician at the University of Kentucky Medical Center would testify on his behalf. D.E. 1 at 6. Despite the approximately seven months that have since passed, Lytle has not come forth with an expert witness. The only expert evidence in this case is the government's, which states that the applicable standard of care was followed.[1] Given that there is no material dispute as to the standard of care, the government's summary judgment motion should be granted.

---

[1] In addition to pointing out Lytle's failure to present expert testimony, the government filed a declaration by Dr. Adams, stating that Lytle received multiple consultations and that his treatment was in line with community standards. D.E. 27-3. It states:

> Inmate Lytle arrived at FMC Lexington on October 21, 2014, with many serious health issues, including a history of hypertension, type II diabetes, stroke, peripheral artery disease, peripheral vascular disease, and hepatitis C. . . . During his designation to FMC Lexington, inmate Lytle's medical issues were closely followed by myself and other medical staff."

*Id*. at 2. Dr. Adams's declaration provides an extensive list of his and Practitioner Banta's consultations with Lytle, accompanied by descriptions of those appointments. *Id*. at 2-3. After providing this detailed list, Dr. Adams states: "It is my opinion that the medical treatment that Lytle received at FMC Lexington relating to the treatment for a report of great right toe pain was commensurate with community standards and Bureau of Prison Policy. Lytle has not been denied medical treatment that could result in serious harm." *Id*. at 4.

5

## III.  Conclusion

The undersigned **RECOMMENDS** that the government's motion for summary judgment be **GRANTED**.  The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 15th day of July, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge